# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>JOHN DOE,<br><br>       Defendant. | Case No. 1:13-cv-3707<br><br>Assigned to:<br>District Judge John W. Darrah |

## MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Comes now the Internet user who pays the bill for the account associated with IP address 76.23.68.243, who Malibu Media accuses of being the John Doe defendant in this action ("Movant"), by and through counsel, to move the court for leave to proceed anonymously, and shows the Court as follows:

## I.  INTRODUCTION

This case is one of the many pornographic BitTorrent copyright infringement cases filed by Malibu Media, LLC in this district and across the country.  Unlike some of the other cases filed by other adult entertainment companies, Malibu Media now generally sues defendants one at a time.  Accordingly, here, there is no issue as to impermissibly joined defendants.  Likewise, although there are arguments as to why the instant subpoena seeking to identify Movant, which was authorized by this Court on June 18, 2013 (ECF No. 10), might be quashed, Movant declines to make those arguments or object to the instant subpoena.

Instead, what Movant asks is that the Court allow Movant to proceed anonymously through discovery and dispositive motions.  Malibu Media will soon obtain Movant's identity via the subpoena return (or through undersigned counsel, who will tender it, if Malibu Media so desires). Movant would also be happy to

lodge his identity with the Court under seal. Thus, the principal focus of the instant motion is whether Movant should be **publicly** identified at this stage of the litigation.

Malibu Media generally does not oppose such motions anymore, and several Judges in this district have recently granted such motions in Malibu Media and similar cases pending here. *See Malibu Media, LLC v. Reynolds, et al.*, 1:12-cv-6672 (ECF No. 51) (Kendall, V.); *Malibu Media, LLC v. John Does 1-37,* 1:12-cv-06674 (ECF No. 33) (Feinerman, G.); and *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012) (Tharp, J.); *see also PHE, Inc. v. John Does 1-122*, 1:13-cv-0786 (Darrah, J.) (ECF No. 58) (pending John Doe Amended Motion to Quash, Motion for Leave to Proceed Anonymously, and Motion to Sever).

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is one of nearly 1,000 copyright infringement actions that Malibu Media, LLC has filed since 2012.  In these cases, Malibu alleges that unknown Internet users, identified only by IP addresses, downloaded Malibu Media's pornographic movies using a file sharing protocol called BitTorrent.  Malibu Media, through a third party firm called IPP, logs the IP addresses of people who download its movies and then files suit against those IP addresses in federal court.  Malibu then seeks leave to issue a subpoena to the ISP that issued the IP address, to identify the person who pays the bill for the account to which the IP address at issue was assigned.

Crucially, just because someone happens to pay the Internet bill for his or her household, does not mean that he or she is the person who was using an IP address at a given time to download a movie on BitTorrent.  "IP subscribers are not necessarily copyright infringers." *VPR Internationale v. Does 1-1017*, No. 11-cv-02068-HAB-DGB, 2011 U.S. Dist. LEXIS 64656, *3 (N.D. Ill. Apr. 29, 2011). "Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect ... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or

someone parked on the street at any given moment." Id. at *4; *see also Hard Drive Prods. v. John Doe*, Civ. A. No. 11 CV 8333, 2012 U.S. Dist. LEXIS 89937, *6 (N.D. Ill. June 26, 2012). Forensics firms often misidentify innocent subscribers as infringers for other reasons, including:

1. IP addresses and timestamps that do not reliably identify the correct party;

2. An ISP subscriber with dynamic IP addressing through its website host shares its IP address with several other subscribers; and

3. Anyone with wireless capability can use a subscriber's wifi network to access the Internet, giving the impression that it is the subscriber who is engaged in potentially wrongful acts.[1]

Here, the complaint was filed on May 17, 2013 (ECF No. 1), a motion for leave to take early discovery was made on May 22, 2013 (ECF Nos. 6 and 7), and the Court granted the motion on June 18, 2013 (ECF No. 10). As with all Malibu Media lawsuits, the copyrights at issue here correspond to titles found on the X-Art.com website. A quick search for any of the titles at issue on the X-Art.com website turns up preview clips of movies showing nude models engaged in graphic sexual intercourse.

### III. ARGUMENT

There exists a presumption that the identity of parties to litigation is public information. However, that presumption, including the presumption that there would be prejudice to the opposing party from the concealment, may be rebutted by showing that the harm to the party seeking to proceed anonymously exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The district court has an independent duty to determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal

---

[1] *See* Michael Piatek et al., *Challenges and Directions for Monitoring P2P File Sharing Networks—or Why My Printer Received a DMCA Takedown Notice*, Proceedings of 3rd USENIX Workshop on Hot Topics in Security, at 3 (2008) (available at http://dmca.cs.washington.edu/uwcse_dmca_tr.pdf)

courts by permitting a party to proceed anonymously. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "[R]equests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature." *Third Degree Films*, 2011 U.S. Dist. LEXIS 128030, at *11 (citation omitted). "An allegation that an individual illegally downloaded adult entertainment likely goes to [such] matters." *Id.* Anonymity is required to protect Movant's privacy. "Defendants' motions to quash subpoenas for the very purpose of protecting their identifying information ... should be allowed to proceed anonymously because assessing these preliminary matters without knowing defendants' identities causes plaintiffs no harm." *CineTel Films, Inc. v. Does 1-1,052*, Civil No. JFM 8:11-cv-02438, 2012 U.S. Dist. LEXIS 47701, *5 n. 2 (D. Md. Apr. 4, 2012). Such exceptional circumstances exist in the instant case.

It is noteworthy that both *Doe v. City of Chicago* and *Doe v. Blue Cross & Blue Shield United of Wisconsin*, *supra*, involve an attempt by the *plaintiff* to remain anonymous. A major component of the concern about parties proceeding anonymously involves a concern about plaintiffs attempting to access the federal courts without revealing their identities. In this case, however, it is a *defendant* who wishes to proceed anonymously.

In the past year no fewer than three judges in this District have expressly ruled on this issue. See *Malibu Media, LLC v. Reynolds, et al.*, 1:12-cv-6672 [ECF No. 51] (Kendall, V.); *Malibu Media, LLC v. John Does 1-37, 1:12-cv-06674* [ECF No. 33] (Feinerman, G.); and *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012) (Tharp, J.).

Judge Kendall noted that permitting a John Doe defendant to proceed anonymously is especially appropriate where there is an increasing amount of uncertainty as to whether the IP address identified by Malibu Media's investigators actually reflects activity performed by the subscriber to that address. "Upon

balancing the potential embarrassment to Doe 15 and the possibility that Malibu Media could use inappropriate litigation tactics to 'coerce' a settlement, against the public's interest in knowing Doe 15's true identity and the risk of unfair prejudice to Malibu Media, the Court finds that allowing Doe to proceed by pseudonym is, at least at this state of the proceedings, appropriate." *Malibu Media, LLC v. Reynolds, et al.*, 1:12-cv-6672 [ECF No. 51, *13-14]

Judge Tharp noted that these cases involve "matters of a sensitive and highly personal nature," that the harm to the public interest in allowing the John Doe defendant to remain anonymous was small, and that the plaintiff would not be prejudiced by his ruling. *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012). Judge Tharp also expressly noted that a disputed allegation that a John Doe defendant illegally downloaded (and presumably viewed) pornography fit into the framework of other cases in which anonymous litigation was permitted. Id., *citing Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). Moreover, as a defendant, Movant has not purposely availed himself of the courts, and the public's interest in the proceeding is therefore lower.

The recent decisions from this district allowing defendants to proceed anonymously in these kinds of cases is also in accord with precedent applied by courts in other circuits. Other courts have noted that the allegation that someone views sexually explicit pornography is a matter of a "sensitive and highly personal nature," which is materially embarrassing, if made public. *See Next Phase Distrib., Inc. v. Doe*, 2012 U.S. Dist. LEXIS 27260, 4-6 (S.D.N.Y. Mar. 1, 2012) ("This Court notes the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film"); *citing Third Degree Films v. Doe*, 2011 U.S. Dist. LEXIS 128030 (N.D. Cal. Nov. 4, 2011) ("An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality"); *see also In re:*

*BitTorrent Adult Film Copyright Infringement Cases*, E.D.N.Y. Case No. 12-1154-ADS-GRB, ECF No. 28, 12/03/2012 ("*In re: Adult Film Cases III*") (examining BitTorrent cases dealing with leave to proceed anonymously and granting Doe defendant's motion for leave to proceed anonymously); *Does I thru XXII v. Advanced Textile*, 214 F.3d 1058, 1068–69 (9th Cir. 2000) (use of pseudonyms appropriate to guard against risk of personal embarrassment); *In re: Complaint of Judicial Misconduct (Kozinski)*, 575 F.3d 279, 283–84 (3rd Cir. 2009) (allegations that judge possessed sexually explicit offensive material presented a "serious risk of public embarrassment. . .that can reasonably be seen as having resulted in embarrassment to the institution of the federal judiciary").

The circumstances pertaining to Movant are exceptional, and he should be permitted to proceed anonymously. Simply, given the salacious nature of the content at issue, this kind of case always has the potential to turn a defendant with meritorious defenses into an immediate loser, simply by virtue of being linked to what many might consider to be sexually deviant behavior. Further, being named in a federal lawsuit, particularly a materially embarrassing one, is the kind of thing it is difficult if not impossible to erase from Internet search results, in the age of PACER and related recap sites.

Allowing Movant to proceed anonymously through discovery and dispositive motions will not prejudice plaintiff whatsoever, and there is little if any harm to the public interest in public court proceedings. On balance, in this kind of case, a reasonable request such as this one should be granted, in order to help level the playing field and protect John Does—many of whom are inaccurately identified and did nothing wrong—from material embarrassment.

## IV.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant the instant motion and allow Movant to proceed anonymously through the close of discovery and dispositive motions.

Respectfully submitted,

DATED:   July 31, 2013


**THE PIETZ LAW FIRM**


*/s/ Morgan E. Pietz*


Morgan E. Pietz (Cal. Bar No. 260629)
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile:  (310) 546-5301

*Attorneys for Putative John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of the
Court using ECF, which will send notification of such filing to all attorneys of record.

/s/ Morgan E. Pietz
Morgan E. Pietz


Respectfully submitted,

DATED:   July 31, 2013