**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.: 1:13-cv-03707 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 76.23.68.243, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR
DECLARATORY RELIEF**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby moves for the entry of an order dismissing Defendant's Counterclaim For Declaratory Relief with prejudice, and files this memorandum in support:

## I.      INTRODUCTION

Defendant's Counterclaim for Declaratory Relief (CM/ECF 22, at p. 14), fails as a matter of law and should be dismissed. First, Defendant's Counterclaim is repetitious and unnecessary because it merely restates issues that are already before this court; namely, whether Plaintiff's copyrights are valid and whether Defendant is liable for the alleged infringement. Seventh Circuit precedent makes clear that counterclaims that are merely answers or defenses are not independent pieces of litigation, and should be dismissed. Further, Defendant's reliance on 18 U.S.C. § 2257 is irrelevant since 2257 is a record keeping requirement that has no bearing on Defendant's copyright misuse, estoppel, unclean hands, or "one satisfaction rule" affirmative

1

defenses.[1]  Additionally, Defendant's allegation that IPP seeds Plaintiff's works on BitTorrent is false speculation and Defendant's allegations regarding the "one satisfaction rule" misconstrue the law.  For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's counterclaim.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain enough facts to state a claim for relief that is plausible on its face." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).  "[A]lthough the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.  Accordingly, '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'"  *Id.*  A party must allege sufficient factual matter to nudge its claims across the line from conceivable to plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

---

[1] As soon as practicable Plaintiff intends to serve a motion for sanctions pursuant to Fed. R. Civ. P. 11 on Defendant for making the frivolous and entirely baseless allegations that: (a) "Malibu has in the past attempted to skirt and ignore work visa requirements for foreign female performers": (b) "the Section 2257 records for certain of the pornographic movies at issue in the complaint in this action may be incomplete, deficient, or even fabricated"; and (c) "IPP Limited is responsible for initially seeding some of Malibu's content onto BitTorrent in the first place." These allegations were made absent any factual basis and in order to harass and embarrass Plaintiff and inflame the Court.  Plaintiff has at all times complied with the statutory requirements found in 18 U.S.C. § 2257 and IPP does not seed Plaintiff's works. Defendant made these allegations so that he could improperly submit his pleading to an adult entertainment online trade publication, called XBiz.com, in order to use the litigation and reporting privileges to liable Plaintiff and gain an unfair advantage in the litigation.  The conduct of Defendant's counsel is despicable and sanctionable, particularly since Defendant knows or should have known that the allegations are false because these issues were vetted during the Bellwether trial.  (The transcript for which is publicly available and attached hereto as Exhibit A.)  Defense counsel focuses on this type of litigation and is well-aware of the transcript.

### III.    ARGUMENT

#### A.  Defendant's Counterclaim Should be Dismissed Because it is Repetitious and Unnecessary

As a threshold matter, Defendant's counterclaim fails and should be dismissed as an inappropriate "repackaging" of his affirmative defenses on the same points.  "Under the Declaratory Judgment Act, 28 U.S.C. § 2201, Congress authorized, but did not command, district courts to issue declaratory judgments." *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 WL 3782916, at *3 (N.D. Ill. 2006).  "Thus, 'if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before ... dismissing the action.'"  *Id.*, citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

Accordingly, this Court has used its discretion to dismiss counterclaims where they "merely restate an issue already before this Court."  *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (dismissing a counterclaim that mirrors an affirmative defense because "[i]t adds nothing to the pleadings … already put before this Court.").  *See also United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (same); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic.  What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint.  Also, it would

confuse a jury if the matter proceeds to that stage.  Moreover, the declarations are simply unnecessary.  If Defendant wins at trial, the jury's verdict will find him or her not liable and validate either the denial of liability or affirmative defenses already pleaded.

Here, Defendant has already pleaded the defenses of copyright misuse, estoppel, unclean hands, and the "one satisfaction rule," as affirmative defenses in the same pleading.  *See* Defendant's First, Second, Third, and Fifth Affirmative Defenses, CM/ECF 22, at p. 10. Defendant's "repackaging" of his affirmative defenses provides no basis for an independent action and is properly dismissed.

### 1.  Defendant Failed to State a Claim for Copyright Misuse

Copyright misuse is a defense to a cause of action and not an independent claim.  "Courts finding that copyright misuse may not be affirmatively asserted have generally done so on the ground that to plead an affirmative defense as an independent claim seeks an illegitimate litigation advantage." *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 221838, at *7 (N.D. Ill. 2011).  "[C]opyright misuse is not a claim but a defense, and [Defendant] may not transmute it into an independent claim merely by labeling it one for 'declaratory judgment.'" *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005).  "Defendant's request for damages in relation to misuse of copyright cannot be sustained." *Malibu Media, LLC v. Doe 1*, 2012 WL 6681990 (D.Md.), 2 (D.Md.,2012).  *See also Warner/Chappel Disc, Inc. v. Pilz Compact Disc, Inc.*, 1999 WL 999332, at *6 n.5 (E.D. Pa. 1999) ("In any event, the Court would not permit an affirmative claim of copyright abuse to go forward.  There is no authority in this Circuit for such a claim, and virtually no authority in any Circuit for such a claim either.")

Further, Defendant has failed to state a claim for copyright misuse.  "The *sine qua non* of a copyright misuse allegation is that the underlying infringement claim must be wholly lacking in

merit . . . '[T]he Seventh Circuit recognizes that copyright misuse occurs where a copyright owner uses an infringement suit or threat of suit to obtain protection that copyright law *does not confer.*" *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 22183, at *8 (N.D. Ill. 2011) quoting *Assessment Technologies of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 437 (7th Cir.2004). Plaintiff's lawsuit is not "wholly lacking in merit." Courts have universally found that illegal distribution of a copyrighted work via use of the BitTorrent protocol constitutes copyright infringement; thus, Plaintiff alleged actionable infringement. Additionally, Defendant failed to allege that Plaintiff is attempting to "obtain protection that copyright law does not confer." Defendant's allegations fail to allege any element of the defense of copyright misuse. "There is no evidence here that plaintiffs seek to control areas outside of their grant of monopoly. Rather, plaintiffs seek to control reproduction and distribution of their copyrighted works, exclusive rights of copyright holders." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001).

Plaintiff has never misused its copyrights. Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse. "The mere fact that a copyright holder files suit for infringement cannot, of course, be the basis for a copyright misuse claim." *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 221838, at *8 (N.D. Ill. 2011). *See also Huthwaite, Inc. v. Ecolab, Inc.*, 2006 Copr. L. Dec. P 29137 (N.D. Ill. 2006) ("Claiming infringement by a writing cannot possibly be copyright misuse unless the claim is patently frivolous."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter

of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.")

## 2. Defendant Failed to Allege the Necessary Elements of Estoppel and Unclean Hands

"[E]stoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment." *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993). Here, Defendant has not alleged that Plaintiff was aware of the infringing conduct yet acted in a way that induced him to rely on such action to his detriment. Indeed, Plaintiff has done nothing to mislead Defendant since prior to this lawsuit, Plaintiff and Defendant were complete and total strangers and therefore, Plaintiff, by its actions, could not possibly have induced Defendant to infringe. *See id,* ("The copyright owners in this action have done nothing to mislead [Defendant]. In fact, they had no contact with [Defendant] until this suit . . . estoppel is inapplicable here.")

Similarly, "[u]nclean hands . . . is an equitable defense that must be pled with the specific elements required to establish the defense." *MPC Containment Sys., Ltd. v. Moreland*, 2008 WL 1775501 (N.D. Ill. 2008). Because it is "an affirmative defense involving fraud, it is subject to the heightened pleading requirements under Federal Rule of Civil Procedure 9(b)." *Id.*, at n. 8. To successfully assert the defense of unclean hands, Defendant must demonstrate that Plaintiff "has engaged in misconduct, fraud or bad faith toward the party he or she is now suing," and "the misconduct involved the same transaction that is at issue in the suit." *SEG Liquidation Co., LLC v. Stevenson*, 2008 WL 623626, at *4 (N.D. Ill. 2008)

Further, in the context of claims for copyright infringement, an unclean hands defense will only "bar enforcement of a valid copyright when a plaintiff commits wrongdoing 'of serious proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (citation omitted). And, the

6

defense does not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts" affect the equitable relations between the parties with respect to the controversy. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980). Here, Defendant "asserts neither facts nor allegations that would support a finding of unclean hands in this case . . . [and] fails to identify inequitable conduct which is connected or related to the matters before the Court in this action." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *6 (D. Colo. 2013) (striking affirmative defense of unclean hands) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. May 15, 2013).

### B. 18 U.S.C. § 2257 Mandates Record Keeping Procedures to Prevent Sexual Exploitation of Children and Minors and is Irrelevant to Defendant's Affirmative Defenses

Defendant incorrectly and frivolously alleges through a series of conclusory allegations that "Malibu has in the past attempted to skirt and ignore work visa requirements for foreign female performers" and that "the Section 2257 records for certain of the pornographic movies at issue in the complaint in this action may be incomplete, deficient, or even fabricated." Counterclaim, at ¶¶ 15, 16. Based upon these wholly baseless allegations, Defendant then asks the Court to "find that some of the Section 2257 records for the movies at issue in the underlying complaint are incomplete, deficient or fake" and therefore Plaintiff has engaged in copyright misuse and that its claims are barred by "estoppel and/or unclean hands." *Id.*, at ¶ C.

18 U.S.C. § 2257 is a statute that requires the creation and maintenance of "individually identifiable records pertaining to every performer" portrayed in a visual depiction of sexually explicit conduct that is "produced in whole or in part with materials which have been mailed or shipped in interstate or foreign commerce, or is shipped or transported or is intended

for shipment or transportation in interstate or foreign commerce." 18 U.S.C. § 2257 (a)(1), (2).

The record keeping requirements mandated by § 2257 are intended to prevent the sexual

exploitation of children and minors and Plaintiff has at all times complied with the statute.[2]

Significantly, the elements of copyright misuse, estoppel, and unclean hands are set forth above

and § 2257 has no bearing on any element of any of those defenses. Thus, even if Plaintiff failed

to keep accurate records in compliance with the statute – which it has not – such fact would not

support Defendant's claim for non-infringement nor provide a valid basis on which to find that

Plaintiff engaged in copyright misuse or that its claims are barred due to estoppel or unclean

hands. Nor are the record keeping requirements of § 2257 a condition precedent to enforcing

Plaintiff's copyrights. Indeed, the Copyright Act does not mention § 2257 records and places no

restrictions on the content of copyrightable material.[3] Accordingly, Defendant's counterclaim

should be dismissed.

### C. IPP Has Never Seeded Plaintiff's Movies and the Software it Uses to Detect Infringement is Incapable of Doing So

Based upon unclear and incomplete information pertaining to a different company[4],

Defendant attempts to allege that "IPP Limited is responsible for initially seeding some of

---

[2] *See* Transcript of Bellwether Trial, *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2:12-cv-02078-MMB, CM/ECF 205, at pp. 51-53 (E.D. Pa. June 28, 2013) (testimony of Colette Field, Malibu Media's co-owner regarding Malibu's compliance with the statute). Again, notwithstanding that Plaintiff complies with the statute, even if Plaintiff did not maintain such records, it would not affect the copyrightability of the works and does not bear on any element of any of the affirmative defenses.

[3] Courts have universally held that adult content is copyrightable. *See Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F. 2d 852 (5th Cir. 1979) (emphasizing that pornography is copyrightable and that owners of the copyrights covering pornographic works should be afforded the same rights under the Copyright Act as anyone else.); 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.17 (2008) ("no works are excluded from copyright by reason of their content."); *Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973) (same); *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) (same). Neither the Copyright Act nor § 2257 makes maintaining these records a requirement for obtaining a valid copyright. To the contrary, Plaintiff obtains copyrights without having to submit these records to the Copyright Office. The two Acts are entirely independent of each other and serve different functions. Indeed, the penalty for failing to comply with § 2257 would not be the loss of a copyright but rather, criminal punishment as prescribed by the statute.

[4] Defendant's allegations are based upon allegations made by a defendant in a different case. In that very case, the judge found, as a matter of fact, that Guardaley did not seed the works and was incapable of seeding.

Malibu's content onto BitTorrent in the first place," and that therefore Plaintiff has engaged in "copyright misuse, estoppel and/or unclean hands." Counterclaim, ¶¶17-19, (D). Defendant's baseless speculation is belied by the face of the Complaint itself, which states: "At no time did IPP Limited upload Plaintiff's copyrighted content to any other BitTorrent user." *See* Complaint, CM/ECF 1, at ¶ 20. *See also* Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference, CM/ECF 6-1, at ¶ 17 ("At no point did IPP distribute any of Plaintiff's copyrighted works. Our software is designed in such a way to prevent any distribution of copyrighted content."); and Exhibit A, Transcript of Bellwether Trial, *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2:12-cv-02078-MMB, CM/ECF 205, at p. 56 (E.D. Pa. June 28, 2013) (testimony of Michael Patzer, creator of IPP's software, explaining that the software was written from scratch, and was created without the ability to distribute data.) Defendant has not alleged sufficient factual matter to nudge its claim across the line from conceivable to plausible, and accordingly the Court must dismiss Defendant's counterclaim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).

### D. Defendant's One Satisfaction Defense Misconstrues the Law

Defendant's argument that Plaintiff's potential statutory damages should be reduced or barred altogether misconstrues the relevant section of the Copyright Act, 17 U.S.C § 504. In short, Defendant alleges: (i) "that the copyrights in this lawsuit have been the subject of prior Malibu litigation in some other court"; (ii) "that the particular IP address . . . which was used to purportedly identify the defendant, has been the subject of prior Malibu litigation in some other court"; (iii) "Malibu has already concluded hundreds if not thousands of 'settlements' with various John Doe defendants across the country, many of whom are accused of downloading not only the exact same copyrighted movies, but often, also the exact same specific file containing

one or more movies,"; (iv) if one views Malibu's BitTorrent litigation . . . as a whole, it is likely that Malibu has by now received enough money in settlements and default judgments that it has reached the statutory damage maximum for many of the copyrights it accuses BitTorrent users of infringing." Counterclaim, ¶¶ 23, 24, 28, 29.

Defendant's conclusory factual allegations are erroneous and irrelevant. Plaintiff is suing Defendant for his direct infringement of nineteen (19) of Plaintiff's copyrighted works. 17 U.S.C. § 504(c) states that there are maximum statutory damages per work, *per case*:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . as the court considers just.

*Id.* This "action" has not gone to trial. Obviously, therefore, Plaintiff has not been "award[ed]" any "statutory damages." "The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) (emphasis in original, internal citation omitted).

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss Defendant's counterclaim with prejudice.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)    Granting Plaintiff's Motion to Dismiss Defendant's Counterclaim;

(B)    Dismissing Defendant's Counterclaim with prejudice; and

(C)    Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 4, 2013.

Respectfully submitted,

SCHULZ LAW, P.C.

By:    /s/ *Mary K. Schulz*          
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
Fax: (224) 535-9501
Email: schulzlaw@me.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Mary K. Schulz*