# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.: 1:13-cv-03707 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address 76.23.68.243, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby moves for the entry of an order striking Defendant's affirmative defenses, and files this memorandum in support:

## I.    INTRODUCTION

Defendant's Answer was filed on November 13, 2013 asserting nineteen (19) affirmative defenses against Plaintiff's complaint. Each of Defendant's affirmative defenses is insufficient for the reasons stated herein. Significantly, Defendant's affirmative defenses fail to comply with the Seventh Circuit's *Heller* standard since they are mere bare bones conclusory allegations that "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Defendant's affirmative defenses also fail as a matter of law. Accordingly, Plaintiff hereby moves to strike Defendant's First Affirmative Defense (Copyright Misuse), Second Affirmative Defense (Estoppel), Third Affirmative Defense (Unclean Hands), Fourth

1

Affirmative Defense (License), Fifth Affirmative Defense (One Satisfaction Rule), Eighth Affirmative Defense (Failure to Mitigate Damages), Seventeenth Affirmative Defense (Insufficient Legal Process), and Nineteenth Affirmative Defense (Failure to Join an Indispensable Party).

## II.    LEGAL STANDARD

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*.  "An affirmative defense is a pleading subject to Rule 8(a), and therefore must include a short and plain statement of the defense." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *1 (N.D. Ind. 2013) (granting motion to strike).  When presented with a motion to strike, "courts apply a three-part test: '(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge.'"  *Id.*, citing *Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2007 WL 1238917, at *1 (N.D.Ill. 2007).

Affirmative defenses "must include either direct or inferential allegations as to all elements of the defense asserted." *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006).  Accordingly, where affirmative defenses "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken.  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (internal citation omitted).  And, "courts should strike affirmative defenses that are clearly mistitled or redundant, for example if they raise matters already raised in the defendant's denial." *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000).

2

**III.    ARGUMENT**

**A.  Defendant's First Affirmative Defense (Copyright Misuse) Should be Stricken**

Defendant's First Affirmative Defense fails as a matter of law and should be stricken. For his First Affirmative Defense, Defendant states "Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse."  Affirmative Defenses ("Aff. Def."), p. 10.  "The *sine qua non* of a copyright misuse allegation is that the underlying infringement claim must be wholly lacking in merit . . . '[T]he Seventh Circuit recognizes that copyright misuse occurs where a copyright owner uses an infringement suit or threat of suit to obtain protection that copyright law *does not confer.*"  *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 22183, at *8 (N.D. Ill. 2011) quoting *Assessment Technologies of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 437 (7th Cir.2004).

Plaintiff's lawsuit is not "wholly lacking in merit."  Courts have universally found that illegal distribution of a copyrighted work via use of the BitTorrent protocol constitutes copyright infringement; thus, Plaintiff alleged actionable infringement.  Additionally, Defendant failed to allege that Plaintiff is attempting to "obtain protection that copyright law does not confer." Defendant's allegations fail to allege any element of the defense of copyright misuse.  "There is no evidence here that plaintiffs seek to control areas outside of their grant of monopoly. Rather, plaintiffs seek to control reproduction and distribution of their copyrighted works, exclusive rights of copyright holders."  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001).

Plaintiff has never misused its copyrights.  Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not

copyright misuse.  "The mere fact that a copyright holder files suit for infringement cannot, of course, be the basis for a copyright misuse claim." *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 221838, at *8 (N.D. Ill. 2011). *See also Huthwaite, Inc. v. Ecolab, Inc.*, 2006 Copr. L. Dec. P 29137 (N.D. Ill. 2006) ("Claiming infringement by a writing cannot possibly be copyright misuse unless the claim is patently frivolous."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.")   Accordingly, Defendant's First Affirmative Defense should be stricken.

### B.  Defendant's Second Affirmative Defense (Estoppel) Should be Stricken

Defendant's Second Affirmative Defense is insufficient and should be stricken. Defendant's Second Affirmative Defense merely states "Plaintiff's claims are barred in whole or in part by the doctrines of equitable and judicial estoppel." Aff. Def., p. 10.  Defendant's Second Affirmative Defense "omits any short and plain statement of facts and fails totally to allege the necessary elements of the alleged claims." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

In copyright infringement actions, "estoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment." *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993).  Here, Defendant has not alleged that Plaintiff was aware of the infringing conduct yet acted in a way that induced him to rely on such action to his detriment.  Indeed, Plaintiff has done nothing to mislead Defendant since prior to this lawsuit, Plaintiff and Defendant were

complete and total strangers and therefore, Plaintiff, by its actions, could not possibly have induced Defendant to infringe. *See id,* ("The copyright owners in this action have done nothing to mislead [Defendant]. In fact, they had no contact with [Defendant] until this suit . . . estoppel is inapplicable here.")

As for judicial estoppel, "[t]he doctrine of judicial estoppel 'precludes a party from advocating a position inconsistent with one previously taken *with respect to the same facts* in an earlier litigation." *Himel v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago*, 596 F.2d 205, 210 (7th Cir. 1979) (emphasis added). Defendant has not alleged the elements of judicial estoppel nor any facts in support. And, Defendant cannot allege as much because the facts of this case are not "the same facts" alleged in any other suit, ever. Accordingly, Defendant's estoppel affirmative defense fails as a matter of law and should be stricken.

**C. Defendant's Third Affirmative Defense (Unclean Hands) Should be Stricken**

Defendant's Third Affirmative Defense should be stricken because Defendant "asserts neither facts nor allegations that would support a finding of unclean hands in this case . . . [and] fails to identify inequitable conduct which is connected or related to the matters before the Court in this action." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *6 (D. Colo. 2013) (striking affirmative defense of unclean hands). To wit: Defendant's Third Affirmative Defense merely states, "Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands." Aff. Def., p. 10.

"Unclean hands . . . is an equitable defense that must be pled with the specific elements required to establish the defense." *MPC Containment Sys., Ltd. v. Moreland*, 2008 WL 1775501 at *3 (N.D. Ill. 2008). Because it is "an affirmative defense involving fraud, it is subject to the heightened pleading requirements under Federal Rule of Civil Procedure 9(b)." *Id.*, at n. 8. To

successfully assert the defense of unclean hands, Defendant must demonstrate that Plaintiff "has engaged in misconduct, fraud or bad faith toward the party he or she is now suing," and "the misconduct involved the same transaction that is at issue in the suit." *SEG Liquidation Co., LLC v. Stevenson*, 2008 WL 623626, at *4 (N.D. Ill. 2008)

Further, in the context of claims for copyright infringement, an unclean hands defense will only "bar enforcement of a valid copyright when a plaintiff commits wrongdoing 'of serious proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (citation omitted). And, the defense does not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts" affect the equitable relations between the parties with respect to the controversy. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980). Here, Defendant has not alleged the necessary elements for a defense of unclean hands. As such, Defendant's Third Affirmative Defense is a "bare bones conclusory allegation" that "fails totally to allege the necessary elements of the alleged claims" and should be stricken. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

### D. Defendant's Fourth Affirmative Defense (License) Should be Stricken

Defendant's Fourth Affirmative Defense cannot succeed under any set of circumstances and should be stricken. For his Fourth Affirmative Defense, Defendant states that "Plaintiff's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by Plaintiff or the copyright owner." Aff. Def., p. 10. Defendant's express license affirmative defense cannot succeed under any set of circumstances because prior to this lawsuit Plaintiff and Defendant were total strangers. Accordingly, Plaintiff could not have and has never granted Defendant an express license to copy and distribute its works using the BitTorrent

protocol. Indeed, Plaintiff's Complaint clearly states, "Plaintiff did not authorize, permit or consent to Defendant's distribution of its works." Complaint, CM/ECF 1, at ¶ 31.

As for his implied license affirmative defense, Defendant has not alleged and has failed to establish the necessary elements for the Court to find the existence of an implied license. Although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive license has been implied by either the conduct of, or an oral agreement between, the parties involved. *See I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996). An implied license arises where the following three elements are met: (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work. *Id.*, citing *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). *See also Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999).

None of the prongs of the *Effects* test above can be met in this instance. First, Defendant has not and cannot allege that he or she requested the work in question from Plaintiff since, prior to this lawsuit Plaintiff and Defendant were total strangers. Second, in the context of unauthorized file sharing, under no set of circumstances can Defendant establish that Plaintiff created the work and delivered it to Defendant pursuant to a "meeting of the minds." *See, e.g., Farr v. Ohio Oil Co.*, 129 F. Supp. 219, 220 (N.D. Ind. 1955) (holding that an implied contract "grows out of the intentions of the parties and there must be a meeting of the minds."); *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds.") Third, under the facts in this case, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement.

7

*See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012)

("Nonexclusive licenses may be granted if the copyright owner does not object to the putative

infringer's use of copyrighted material.").

Further, "Defendant's Answer forecloses the possibility of an implied license defense."

*Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *4 (N.D. Ind. 2013). In short, Defendant has

denied using BitTorrent to commit the infringement alleged. Accordingly, he cannot satisfy the

elements of an implied license affirmative defense.

> In his Answer, Defendant denies the allegations contained in this paragraph.
> (Answer ¶ 30.) With this general denial, Defendant appears to be denying not
> only that he copied and distributed the parts of Plaintiff's copyrighted works, but
> that he used BitTorrent to do so. As such, Defendant cannot demonstrate that "he
> requested Plaintiff's work via BitTorrent, that Plaintiff delivered the work, and
> that Plaintiff intended [Defendant] to distribute it," as required to establish an
> implied license defense.

*Id.*

Accordingly, Defendant's Fourth Affirmative Defense is insufficient and should be

stricken.

### E. Defendant's Fifth Affirmative Defense (One Satisfaction Rule) Should be Stricken

Defendant's Fifth Affirmative Defense is not a proper affirmative defense. An

affirmative defense is "a defendant's assertion of facts and arguments that, if true, will defeat the

plaintiff's . . . claim, even if all allegations in the complaint are true." Black's Law Dictionary

(9th ed.). For his Fifth Affirmative Defense, Defendant states that "Plaintiff's claims for

statutory damages . . . are barred . . . to the extent that a statutory fee award has already been

received by Malibu for that copyrighted work from settlements or judgments paid by other

infringers in related infringement(s), via BitTorrent, of the same work or file." Aff. Def., p. 10.

As stated, Defendant's Fifth Affirmative Defense cannot succeed in defeating Plaintiff's claim

for direct copyright infringement. To explain, "Plaintiff's claim is actually for direct copyright infringement, the success of which may result in an 'award' of damages. Proof of statutory damages is not an element of a copyright infringement claim. Nor may this defense be construed as simply a denial of the elements of Plaintiff's claim." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *4 (D. Colo. 2013) (striking affirmative defenses). Accordingly, Defendant's Fifth Affirmative Defense is not properly asserted as an affirmative defense.

Further, Defendant's Fifth Affirmative Defense misconstrues the law. 17 U.S.C. § 504(c) states that there are maximum statutory damages per work, *per case*:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved <u>in the action</u>, <u>with respect to any one work</u>, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . as the court considers just.

*Id.* This "action" has not gone to trial. Obviously, therefore, Plaintiff has not been "award[ed]" any "statutory damages." "The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) (emphasis in original, internal citation omitted). Accordingly, Plaintiff's claim for statutory damages is not barred and Defendant's Fifth Affirmative Defense should be stricken.

**F.** Defendant's Eighth Affirmative Defense (Failure to Mitigate Damages) Should be Stricken

Defendant's Eighth Affirmative Defense should be stricken as improper. For his Eighth Affirmative Defense, Defendant claims that "Plaintiff's claims are barred in whole or in part because Plaintiffs have failed to mitigate their damages, if any." Aff. Def., p. 11. However, "[h]aving elected statutory damages, Plaintiff has given up the right to seek actual damages . . . thereby making a failure-to mitigate defense inapplicable." *Malibu Media, LLC v. Doe*, 2013

WL 4048513, at *2 (N.D. Ind. 2013) (striking affirmative defense of failure to mitigate damages). *See also Malibu Media, LLC v. Ryder,* 2013 WL 4757266, at *3 (D. Colo. Sept. 4, 2013) ("a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense."); *Malibu Media, LLC v. John Doe*, 8:13-cv-00472-JDW-EAJ, CM/ECF 19, at p. 2 (M.D. Fla. July 17, 2013) ("the defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages."); *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *3 (D. Colo. 2013) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. 2013) (same); *Arista Records, Inc. v. Flea World*, Inc., 356 F.Supp.2d 411, 422 (D. N.J. 2005) (holding that failure to mitigate damages was not appropriate defense in contributory infringement action where plaintiffs were seeking only statutory damages).

Because Plaintiff has elected to recover only statutory damages instead of actual damages, Defendant's Eighth Affirmative Defense is improper and should be stricken.

**G.** Defendant's Seventeenth Affirmative Defense (Insufficient Legal Process) Should be Stricken

Defendant's Seventeenth Affirmative defense states that "Doe must insist that the allegation that Doe, the ISP subscriber, is the defendant be deemed subject to Rule 11, effective as of the date of service of the complaint, even arguably absent a signed pleading explicitly stating that fact . . . [or] Doe hereby reserves the right to move to dismiss the suit per Fed. R. Civ. Proc. 12(b)(4) and insist that a proper summons . . . be issues, served, and properly filed under seal." Aff. Def., p. 13. Defendant's Affirmative Defense is moot however, because Plaintiff has already alleged that the subscriber is the infringer. To wit: the Complaint states "As the subscriber in control of the IP address being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer. Consequently, Plaintiff hereby alleges Defendant is the

infringer." *See* ¶ 24. Accordingly, Defendant's Seventeenth Affirmative Defense is redundant and unnecessary and should be stricken.

**H.** Defendant's Nineteenth Affirmative Defense (Failure to Join an Indispensable Party) Should be Stricken

Defendant's Nineteenth Affirmative Defense should be stricken because Plaintiff has not failed to join an indispensable party. Defendant's Nineteenth Affirmative Defense states "the 'initial seeder' . . . as well as others who may have assisted in any infringing download are not named as defendants in this action and may be indispensable parties within the meaning of Fed. R. Civ. Proc. 19." Aff. Def., p. 13. Defendant's Nineteenth Affirmative Defense fails as a matter of law. "Defendant's belief that 'other alleged infringers have not, and must, be joined in this lawsuit is debunked by the well-settled interpretations of Rule 19(a).'" *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. 2013). Other "unnamed swarm members need not be joined as parties." *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013).

Under Fed. R. Civ. P. 19(a)(1):

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.*

Here there are no persons required to be joined according to Rule 19 because "[t]o prevail against [Defendant], Malibu needs to prove that [he] downloaded its copyrighted material without authorization. The court will be able to adjudicate these matters and to 'accord complete relief' whether or not the other members of the swarms, who allegedly also infringed Malibu's works, are present." *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013). Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. *See Malibu Media, LLC v. Batz*, 2013 WL 2120412, at 84 (D. Colo. 2013) (same).

BitTorrent Peers, as joint tortfeasors, are not necessary parties under Rule 19. *Id.,* ("joint tortfeasors are neither necessary parties under Rule 19(a) nor indispensible parties under Rule 19(b).") To explain, "copyright [infringement] is a strict liability tort." 5 Patry on Copyright § 17:167. *See also*, *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ("Copyright infringement is a . . . tort"). Here, Plaintiff alleged Defendant directly infringed Plaintiff's copyright by: (a) downloading a complete copy of Plaintiffs' works from other peers via BitTorrent; and (b) distributing pieces of Plaintiffs' works to other peers (as evidenced by its distribution of a piece to IPP, Plaintiff's investigator.) If Plaintiff proves its case, Defendant is individually liable for this direct infringement.

It is well settled, black letter, tort law, that joint tortfeasors are *not* necessary parties. *See Temple v. Synthes Corp*., Ltd. 498 U.S. 5, 6 (1990) ("It has long been the law that it is not necessary for all joint tortfeasors to be named in a single lawsuit. . . . The Advisory Committee

Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U.S.C.App., p. 595.") This rule has been applied in copyright cases. *See e.g., Interscope Records v. Duty* 2006 WL 988086, *2 (D. AZ  2006) ("Duty also argues that the alleged infringement would not have been possible without the use of Kazaa [a peer to peer file sharing service], and therefore the owner of Kazaa, Sharman Networks, Ltd. ("Sharman"), is a necessary and indispensable party to this suit. We disagree. . . .," citing, *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7-8, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F.Supp.2d 1131, 1142 (N.D.Okla.2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability. A tortfeasor considered to have 'joint and several' liability is simply a permissive party to an action against another with like liability. Because a co-tortfeasor is simply allowable but not necessary for a copyright violation, they are by nature also not indispensable parties.")

Because Defendant's Nineteenth Affirmative Defense fails as a matter of law, it should be stricken.

## I.      CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A) Granting Plaintiff's Motion to Strike Defendant's Affirmative Defenses;

(B) Striking Defendant's Affirmative Defenses; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  December 4, 2013

Respectfully submitted,

SCHULZ LAW, P.C.

By:    /s/ *Mary K. Schulz*
            Mary K. Schulz, Esq.
            1144 E. State Street, Suite A260
            Geneva, Il 60134
            Tel: (224) 535-9510
            Fax: (224) 535-9501
            Email: schulzlaw@me.com
            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Mary K. Schulz*

14