UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　　Defendant. | Case No. 1:13-cv-3707<br><br>Assigned to:<br>District Judge John W. Darrah |

**DEFENDANT'S RESPONSE TO**

**PLAINTIFF'S MOTIONS TO DISMISS COUNTERCLAIM [ECF No. 23]**

　　　At the January 14, 2014, presentment hearing in this matter the Court granted plaintiff's motion to strike defendant's affirmative defenses without prejudice to re-pleading them. ECF No. 27. As indicated by defense counsel, defendant had prepared a consolidated response, running to approximately 28-pages, which dealt with both plaintiff's motion to strike defendant's affirmative defenses, and plaintiff's motion to dismiss the counterclaim. (For an example of the response Doe prepared, *see* N.D. Ill. No. 13-3648, ECF No. 36-1). The counterclaim asserted by defendant is somewhat unorthodox in that it seeks only a declaratory judgment that certain of plaintiff's affirmative defenses are meritorious, and it does not seek independent damages. Answer, ECF No. 22. Defendant's reasoning is that the particular affirmative defenses at issue could be tried separately, are relevant to multiple Malibu cases nationwide, and the defenses are functionally similar to a counterclaim to invalidate a patent. *See id.*

　　　Upon further reflection, in view of the Court's order (ECF No. 27) granting, without prejudice, plaintiff's motion to strike affirmative defenses (ECF No. 24), Doe does not believe it makes sense to oppose the motion to dismiss (ECF No. 23) on the merits at this stage. Since the relevant affirmative defenses are currently stricken, no counterclaim, as alleged in the Answer (ECF No. 22), practically survives. Rather than brief the substantive issues now, when the underlying allegations as to the affirmative defense are in the process of being re-pled, with the

specificity arguably required by *Twombly*,[1] Doe believes it makes more sense to save the briefing on the merits until the relevant affirmative defenses have been duly amended with more specifics.

Accordingly, Doe hereby does not oppose Malibu's motion to dismiss the counterclaim, save only for a request for leave to amend the counterclaim, along with the affirmative defenses that are the focus of the counterclaim, by the date certain already set by the Court for amending the affirmative defenses, i.e., February 14, 2014 (ECF No. 27).

There are good reasons for the Court to exercise its discretion to allow the counterclaim, thereby retaining the ability to adjudicate these affirmative defenses separately from the underlying action, even if Malibu dismisses the underlying action to avoid scrutiny. However, it makes much more sense, and will be more efficient for all concerned, to argue the merits of that approach, and of the affirmative defenses at issue, once the allegations themselves have been amended into more-particular, finalized form.

Finally, it should be noted that there is one case in this district before Judge Kennelly (N.D. Ill. No. 13-3648, Kennelly, J.), as well as two cases in California before Judge Burns (S.D. Cal. No. 13-cv-435, S.D. Cal. No. 13-cv-437), where motions are currently going forward on the substantive merits of Doe's affirmative defenses. The motions pending in these cases, which involve the same arguments and the same undersigned defense counsel, are essentially identical to the issues under consideration here. Thus, decisions from these courts may inform this Court's analysis by the time the affirmative defenses are re-alleged (and presumably sought to be dismissed and stricken again by plaintiff) in this action.

In conclusion, Doe does not oppose the motion to dismiss the counterclaim as presently constituted, but does request leave to amend the counterclaim by February 14, 2014.

---

[1] The relatively recent question of whether *Twombly* pleading standards are appropriately applied to affirmative defenses under the federal notice pleading regime is an issue on which the courts of the Northern District of Illinois appear to be in the vanguard. Although common practice appears to be changing, and probably ultimately for the better, in undersigned counsel's experience, such a requirement is not routinely enforced in federal district courts in California; so-called "laundry lists," which were common for years, still abound. Undersigned counsel, at least, has taken the lesson.

Respectfully submitted,

DATED: January 15, 2014


**THE PIETZ LAW FIRM**


*/s/ Morgan E. Pietz*

Morgan E. Pietz (Cal. Bar No. 260629)
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile: (310) 546-5301

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of the Court using ECF, which will send notification of such filing to all attorneys of record.

DATED: January 15, 2014         */s/ Morgan E. Pietz*
                                Morgan E. Pietz