## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.: <u>1:13-cv-03707</u> |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 76.23.68.243, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM FOR DECLARATORY RELIEF

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby moves for the entry of an order dismissing Defendant's Counterclaim For Declaratory Relief with prejudice, and files this memorandum in support:

### I.      INTRODUCTION

Defendant's Counterclaim for Declaratory Relief (CM/ECF 33, at p. 26), fails to state a plausible claim for relief.  First, Defendant's Counterclaim is repetitious and unnecessary because it merely restates issues that are already before this court; namely, whether Plaintiff's copyrights are valid and enforceable and whether Defendant is liable for the alleged infringement.  Seventh Circuit precedent makes clear that counterclaims that are merely answers or defenses are *not* independent pieces of litigation, and should be dismissed.  Further, Defendant's reliance on 18 U.S.C. § 2257 is irrelevant since 2257 is a record keeping statute that has no bearing on Defendant's unclean hands, copyright misuse, estoppel, or implied license

affirmative defenses.[1]  Additionally, Defendant's allegation that IPP seeds Plaintiff's works on BitTorrent is false speculation.  For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's counterclaim.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain enough facts to state a claim for relief that is plausible on its face." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).  "[A]lthough the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.  Accordingly, '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'" *Id.*  A party must allege sufficient factual matter to nudge its claims across the line from conceivable to plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

---

[1] The following allegations were made absent any factual basis and in order to harass and embarrass Plaintiff and inflame the Court: (a) "Malibu has in the past attempted to skirt and ignore work visa requirements for foreign female performers;" (b) "the Section 2257 records for certain of the pornographic movies at issue in the complaint in this action may be incomplete, deficient, or even fabricated;" and (c) "IPP Limited is responsible for initially seeding some of Malibu's content onto BitTorrent in the first place."  Plaintiff has at all times complied with the statutory requirements found in 18 U.S.C. § 2257 and IPP does not seed Plaintiff's works. Defendant made these allegations so that he could improperly submit his pleading to an adult entertainment online trade publication, called XBiz.com, in order to use the litigation and reporting privileges to liable Plaintiff and gain an unfair advantage in the litigation.  The conduct of Defendant's counsel is despicable and sanctionable, particularly since Defendant knows or should have known that the allegations are false because these issues were vetted during the Bellwether trial.  (The transcript for which is publicly available.)  Defense counsel focuses on this type of litigation and is well-aware of the transcript.

## III.     ARGUMENT

### A.  Defendant's Counterclaim Should be Dismissed Because it is Repetitious and Unnecessary

As a threshold matter, Defendant's counterclaim fails and should be dismissed as an inappropriate "repackaging" of his affirmative defenses on the same points.   "Under the Declaratory Judgment Act, 28 U.S.C. § 2201, Congress authorized, but did not command, district courts to issue declaratory judgments."  *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 WL 3782916, at *3 (N.D. Ill. 2006).  "Thus, 'if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before ... dismissing the action.'"  *Id.*, citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

Accordingly, this Court has used its discretion to dismiss counterclaims where they "merely restate an issue already before this Court."  *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (dismissing a counterclaim that mirrors an affirmative defense because "[i]t adds nothing to the pleadings … already put before this Court.").  *See also United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (same); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic.  What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint.  Also, it would

confuse a jury if the matter proceeds to that stage. Moreover, the declarations are simply unnecessary. If Defendant wins at trial, the jury's verdict will find him or her not liable and validate either the denial of liability or affirmative defenses already pleaded.

Here, Defendant has already pled unclean hands, copyright misuse, estoppel, and implied license as affirmative defenses in the same pleading. *See* Defendant's First, Second, Third, and Fourth Affirmative Defenses, CM/ECF 33 at, p. 18-21, ¶¶ 19-34. And, the relief Defendant seeks is to: (a) dismiss the complaint with prejudice, (b) declare that "Defendant is not liable to Malibu for infringement," and (c) award Defendant his costs and attorneys' fees. Counterclaim, p. 33-4, ¶¶ A, B, E. In this regard, Defendant's counterclaim "adds nothing to the pleadings … already put before this Court." *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990). Thus, Defendant's "repackaging" of his affirmative defenses provides no basis for an independent action and is properly dismissed.

Defendant attempts to argue that "even if plaintiff attempts to dismiss the underlying complaint," this Court can retain the ability to try separately Defendant's affirmative defenses. CM/ECF 35, at p. 21, ¶ 2. This is simply not true. Unclean hands, copyright misuse, estoppel, and implied license *cannot* survive as standalone counts against Plaintiff. Further, 18 U.S.C. § 2257, on which Defendant's affirmative defenses and counterclaim rely, does not provide for a private cause of action. Accordingly, the Court cannot "find that some of the Section 2257 records for the movies at issues . . . are incomplete, deficient or fake" nor "sustain an affirmative defense to infringement for Defendant of copyright misuse, estoppel, and/or unclean hands" based upon Section 2257. Counterclaim, at p. 27, ¶ C. Additionally, as demonstrated below and in Plaintiff's Motion to Strike Defendant's Affirmative Defenses filed simultaneously herewith, Defendant has failed to allege the necessary elements of the alleged affirmative Defenses. The

4

Court cannot issue a declaration that Defendant's affirmative defenses are meritorious when they are insufficiently pled. Accordingly, Defendant's Counterclaim cannot survive and should be dismissed.

### 1. Defendant Failed to State a Claim for Unclean Hands

Defendant's unclean hands affirmative defense cannot survive and be tried separately if Plaintiff dismisses this case. Significantly, Defendant's unclean hands affirmative defense is based upon a purported violation of 18 U.S.C. § 2257 which does not provide for a private cause of action. Further, Defendant "asserts neither facts nor allegations that would support a finding of unclean hands in this case." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *6 (D. Colo. 2013) (striking affirmative defense of unclean hands) (emphasis added).

To successfully assert the defense of unclean hands, Defendant must demonstrate that Plaintiff "has engaged in misconduct, fraud or bad faith toward the party he or she is now suing," and "the misconduct involved the *same transaction* that is at issue in the suit." *SEG Liquidation Co., LLC v. Stevenson*, 2008 WL 623626, at *4 (N.D. Ill. 2008) (emphasis added). "Misconduct that is not directed at the other party or that is tangential to the transaction at issue will not be considered directly connected." *Id.* Thus the defense does not apply "where plaintiff's misconduct is not *directly related* to the merits of the controversy between the parties, but only where the wrongful acts" affect the equitable relations between the parties with respect to the controversy. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) (emphasis added), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980). *See also Malibu Media, LLC v. Ryder*, 2013 WL 4757266, at *3 (D. Colo. 2013) ("In copyright actions, the doctrine of unclean hands is only applied where the wrongful acts 'in some measure

affect the equitable relations between the parties in respect of something brought before the court for adjudication.'").

Here, Defendant has failed to allege misconduct, fraud, or bad faith by Plaintiff involving the same transaction at issue in the suit i.e. Defendant's use of BitTorrent to unlawfully download and distribute Plaintiff's copyrighted works. The only matter before the Court in this action is Defendant's infringement through the BitTorrent protocol. Plaintiff's compliance with the record keeping requirements of Section 2257 has no bearing on the infringing BitTorrent transactions which gave rise to the Complaint, and therefore are "not directly related to the merits of the controversy between the parties." *Mitchell Bros. Film Group,* 604 F.2d at 863.

Defendant's claim that he was "entrapped" also does not support his unclean hands defense. "As usually formulated, the [entrapment] defense requires the defendant to prove that he was (1) induced by someone working for or on behalf of the government to commit a crime that he was (2) not predisposed to commit." *United States v. Evans*, 924 F.2d 714, 716 (7th Cir. 1991) citing *Mathews v. United States, supra,* 485 U.S. at 63, 108 S.Ct. at 886. Notwithstanding, that Plaintiff is not a government official, Defendant has not and cannot allege that Plaintiff induced him to commit the infringement. Defendant's false speculation that "Malibu Media or its agent IPP seeded . . . the copyrighted movies" is insufficient, without more, to show that it caused defendant to download Plaintiff's works by persuasion or influence.[2] Aff. Def., ¶ 22. And, Defendant cannot argue that he lacked the predisposition to use BitTorrent because Plaintiff has four pages of additional evidence demonstrating Defendant's extensive BitTorrent use as it relates to third party works between August 12, 2012 and May 1, 2013. Finally, Defendant has denied the allegations in the Complaint and therefore denied using BitTorrent to download or

---

[2] *See* definition of "induce," http://dictionary.reference.com/browse/induce?s=t ("to lead or move by persuasion or influence, as to some action or state of mind.")

distribute Plaintiff's content. Accordingly, an entrapment defense is necessarily antithetical to Defendant's Answer.

## 2. Defendant Failed to State a Claim for Copyright Misuse

Copyright misuse is a defense to a cause of action and not an independent claim. "Courts finding that copyright misuse may not be affirmatively asserted have generally done so on the ground that to plead an affirmative defense as an independent claim seeks an illegitimate litigation advantage." *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 221838, at *7 (N.D. Ill. 2011). "[C]opyright misuse is not a claim but a defense, and [Defendant] may not transmute it into an independent claim merely by labeling it one for 'declaratory judgment.'" *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005). "Defendant's request for damages in relation to misuse of copyright cannot be sustained." *Malibu Media, LLC v. Doe 1*, 2012 WL 6681990, at *2 (D. Md. 2012). *See also Warner/Chappel Disc, Inc. v. Pilz Compact Disc, Inc.*, 1999 WL 999332, at *6 n.5 (E.D. Pa. 1999) ("In any event, the Court would not permit an affirmative claim of copyright abuse to go forward. There is no authority in this Circuit for such a claim, and virtually no authority in any Circuit for such a claim either.")

Notwithstanding that copyright misuse is a defense, and not a claim, Defendant has failed to plausibly allege copyright misuse. "The *sine qua non* of a copyright misuse allegation is that the underlying infringement claim must be wholly lacking in merit . . . '[T]he Seventh Circuit recognizes that copyright misuse occurs where a copyright owner uses an infringement suit or threat of suit to obtain protection that copyright law *does not confer*." *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 22183, at *8 (N.D. Ill. 2011) quoting *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir.2004). Here, Defendant has failed to allege the necessary elements of copyright misuse.

7

First, Plaintiff's lawsuit is not "wholly lacking in merit" and Defendant has not alleged to the contrary. Courts have universally found that illegal distribution of a copyrighted work via the BitTorrent protocol constitutes copyright infringement; thus, Plaintiff alleged actionable infringement. Additionally, Defendant failed to allege that Plaintiff is attempting to "obtain protection that copyright law does not confer." Defendant's allegations thus fail to allege any element of the defense of copyright misuse.

Plaintiff's Section 2257 records have nothing to do with how Plaintiff uses its copyrights or the policy underlying copyright law. Regardless, Plaintiff's 2257 records are compliant. Despite Defendant's insinuations, this case has nothing to do with child pornography. And, Defendant has not alleged that Plaintiff's films are child pornography because no such allegation can be made by him in compliance with Fed. R. Civ. P. 11. All of Plaintiff's movies are legal and use performers of a legal age.

Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse. *See .e.g., Nielsen Co. (US), LLC v. Truck Ads, LLC,* 2011 WL 221838 (N.D. Ill. 2011) ("The mere fact that a copyright holder files suit for infringement cannot, of course, be the basis for a copyright misuse claim."). *See also Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse."); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 253 F. Supp. 2d 943, 966 (E.D. Ky. 2003) *order vacated on other grounds by* 387 F.3d 522 (6th Cir. 2004)

("Lexmark's copyright infringement claim against a party that has engaged in the wholesale copying of Lexmark's copyrighted computer programs cannot be considered misuse.").

"There is no evidence here that plaintiffs seek to control areas outside of their grant of monopoly. Rather, plaintiffs seek to control reproduction and distribution of their copyrighted works, exclusive rights of copyright holders." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001) (finding no copyright misuse).

### 3. Defendant Failed to Allege the Necessary Elements of Estoppel

In copyright infringement actions, "estoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment." *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993). Here, Defendant has not alleged that Plaintiff was aware of his infringing conduct yet acted in a way that induced him to rely on such action to his detriment. Indeed, Plaintiff has done nothing to mislead Defendant. Prior to this lawsuit Plaintiff and Defendant were complete and total strangers and therefore, Plaintiff, by its actions, could not possibly have led him to believe that he would not be sued. *See id,* ("The copyright owners in this action have done nothing to mislead [Defendant]. In fact, they had no contact with [Defendant] until this suit . . . estoppel is inapplicable here."). To the contrary, Defendant is seemingly well aware that Plaintiff actively pursues BitTorrent infringers. *See* Counterclaim, ¶ 30 (" . . . in similar suits affecting thousands of similarly situated defendants currently being sued by Malibu."). Finally, as stated above, Defendant has denied all allegations in the Complaint and therefore denied using BitTorrent copy and distribute Plaintiff's works. In light of his denial, Defendant cannot claim estoppel.

#### 4. Defendant Failed to Allege the Necessary Elements of an Implied License

As with Defendant's other affirmative defenses, the affirmative defense of implied license cannot survive dismissal of the Complaint. Similarly, Defendant has failed to allege the necessary elements of an implied license. Defendant's Answer also forecloses the possibility of an implied license.

Although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive license has been implied by either the conduct of, or an oral agreement between, the parties involved. *See I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996). An implied license arises where the following three elements are met: (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work. *Id.*, citing *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). *See also Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999).

None of the prongs of the *Effects* test above can be met in this instance. First, Defendant has not and cannot allege that he or she requested the work in question from Plaintiff since, prior to this lawsuit Plaintiff and Defendant were total strangers. Second, in the context of unauthorized file sharing, under no set of circumstances can Defendant establish that Plaintiff created the work and delivered it to Defendant pursuant to a "meeting of the minds." *See, e.g., Farr v. Ohio Oil Co.*, 129 F. Supp. 219, 220 (N.D. Ind. 1955) (holding that an implied contract "grows out of the intentions of the parties and there must be a meeting of the minds."); *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds.") Third, under the facts in this case, Plaintiff clearly did not intend for

Defendant to copy and distribute the work, since it is now suing Defendant for infringement. *See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material.").

Further, "Defendant's Answer forecloses the possibility of an implied license defense." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *4 (N.D. Ind. 2013). In short, Defendant has denied using BitTorrent to commit the infringement alleged. Accordingly, he cannot satisfy the elements of an implied license affirmative defense.

> In his Answer, Defendant denies the allegations contained in this paragraph. (Answer ¶ 30.) With this general denial, Defendant appears to be denying not only that he copied and distributed the parts of Plaintiff's copyrighted works, but that he used BitTorrent to do so. As such, Defendant cannot demonstrate that "he requested Plaintiff's work via BitTorrent, that Plaintiff delivered the work, and that Plaintiff intended [Defendant] to distribute it," as required to establish an implied license defense.

*Id.*

### B. 18 U.S.C. § 2257 Mandates Record Keeping Procedures to Prevent Sexual Exploitation of Children and Minors and is Irrelevant to Defendant's Affirmative Defenses

Defendant incorrectly and frivolously alleges through a series of conclusory allegations that "Malibu has in the past attempted to skirt and ignore work visa requirements for foreign female performers" and that "the Section 2257 records for certain of the pornographic movies at issue in the complaint in this action may be incomplete, deficient, improperly-located or even fabricated." Counterclaim, at ¶¶ 17, 18. Based upon these wholly baseless allegations, Defendant then asks the Court to "find that some of the Section 2257 records for the movies at issue in the underlying complaint are incomplete, deficient or fake" and therefore Plaintiff has engaged in copyright misuse and that its claims are barred by "estoppel and/or unclean hands."

*Id.*, at ¶ C.

18 U.S.C. § 2257 is a statute that requires the creation and maintenance of "individually identifiable records pertaining to every performer" portrayed in a visual depiction of sexually explicit conduct that is "produced in whole or in part with materials which have been mailed or shipped in interstate or foreign commerce, or is shipped or transported or is intended for shipment or transportation in interstate or foreign commerce." 18 U.S.C. § 2257 (a)(1), (2). The record keeping requirements mandated by § 2257 are intended to prevent the sexual exploitation of children and minors and Plaintiff has at all times complied with the statute.[3] Significantly, the elements of unclean hands, copyright misuse, estoppel, and implied license are set forth above and § 2257 has no bearing on any element of any of those defenses. Thus, even if Plaintiff failed to keep accurate records in compliance with the statute – which it has not – this fact would not support Defendant's claim for non-infringement nor provide a valid basis on which to find that Plaintiff's claims are barred due to unclean hands, estoppel, or implied license or that Plaintiff is misusing its copyrights. Compliance with the record keeping requirements of § 2257 is not a condition precedent to enforcing Plaintiff's copyrights. Indeed, the Copyright Act does not mention § 2257 records and places no restrictions on the content of copyrightable material.[4] Accordingly, Defendant's counterclaim should be dismissed.

---

[3] *See* Transcript of Bellwether Trial, *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2:12-cv-02078-MMB, CM/ECF 205, at pp. 51-53 (E.D. Pa. June 28, 2013) (testimony of Colette Field, Malibu Media's co-owner regarding Malibu's compliance with the statute). Again, notwithstanding that Plaintiff complies with the statute, even if Plaintiff did not maintain such records, it would not affect the copyrightability of the works and does not bear on any element of any of the affirmative defenses.

[4] Courts have universally held that adult content is copyrightable. *See Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F. 2d 852 (5th Cir. 1979) (emphasizing that pornography is copyrightable and that owners of the copyrights covering pornographic works should be afforded the same rights under the Copyright Act as anyone else.); 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.17 (2008) ("no works are excluded from copyright by reason of their content."); *Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973) (same); *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) (same). Neither the Copyright Act nor § 2257 makes maintaining these records a requirement for obtaining a valid copyright. To the contrary, Plaintiff obtains copyrights without having to submit these records to the

### C. IPP Has Never Seeded Plaintiff's Movies and the Software it Uses to Detect Infringement is Incapable of Doing So

Based upon unclear and incomplete information pertaining to a different company[5], Defendant attempts to allege that "IPP . . . is responsible for initially seeding some of Malibu's content onto BitTorrent in the first place," and that therefore Plaintiff's claims are barred by the affirmative defenses of unclean hands, copyright misuse, estoppel, and implied license. Counterclaim, ¶¶ 24, (D). Defendant's baseless speculation is belied by the face of the Complaint itself, which states: "At no time did IPP Limited upload Plaintiff's copyrighted content to any other BitTorrent user." *See* Complaint, CM/ECF 1, at ¶ 20. *See also* Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference, CM/ECF 6-1, at ¶ 17 ("At no point did IPP distribute any of Plaintiff's copyrighted works. Our software is designed in such a way to prevent any distribution of copyrighted content."); Transcript of Bellwether Trial, *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2:12-cv-02078-MMB, CM/ECF 205, at p. 56 (E.D. Pa. June 28, 2013) (testimony of Michael Patzer, creator of IPP's software, explaining that the software was written from scratch, and was created without the ability to distribute data.)

In light of the foregoing, Defendant has not alleged sufficient factual matter to nudge his claim across the line from conceivable to plausible, and accordingly the Court must dismiss Defendant's counterclaim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).

### IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Defendant's counterclaim with

---

Copyright Office. The two Acts are entirely independent of each other and serve different functions. Indeed, the penalty for failing to comply with § 2257 would not be the loss of a copyright but rather, criminal punishment as prescribed by the statute.

[5] Defendant's allegations are based upon allegations made by a defendant in a different case. In that very case, the judge found, as a matter of fact, that Guardaley did not seed the works and was incapable of seeding.

prejudice.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)     Granting Plaintiff's Motion to Dismiss Defendant's Counterclaim;

(B)     Dismissing Defendant's Counterclaim with prejudice; and

(C)     Granting Plaintiff such other and further relief as this Court deems just and

proper.

Dated:  March 20, 2014

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Ave., #433
Birmingham, MI 48009
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2014, I electronically filed the foregoing document
with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of
record and interested parties through this system.

By:     /s/ *Paul J. Nicoletti*

14